UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   DYLAN CHRISTOPHER SHAW,                                    No. 17-11646-j7

     Debtor.

---

KIRTLAND FEDERAL CREDIT UNION,

     Plaintiff,

     v.                                                            Adversary No. 17-1072-j

DYLAN CHRISTOPHER SHAW,

     Defendant.

### MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Strike Answer by Defendant or in the Alternative Dissalow (sic.) Defenses by Defendant ("Motion"), filed by Plaintiff Kirtland Federal Credit Union ("KFCU"), by and through its attorneys, Aldridge, Hammar, Wexler, & Bradley, P.A. (Ryan Kluthe). *See* Docket No. 6. Because the Motion was not timely filed under Federal Rule of Civil Procedure 12(f),[1] the Court will deny KFCU's request to strike the Defendant's answer. In addition, even if the Court were to consider KFCU's request to disallow Defendant's affirmative defenses on grounds of judicial estoppel or equitable estoppel, the Court would decline to exercise its discretion to strike Defendant's factual defense to KFCU's non-dischargeability claim. Defendant's failure to schedule a potential claim in his bankruptcy

---

[1] "Rule(s)" as used in this Order means the Federal Rules of Civil Procedure. "Bankruptcy Rule(s)" means the Federal Rules of Bankruptcy Procedure.

schedules does not preclude the Defendant from raising factual issues in response to KFCU's complaint in an effort to rebut the presumption under 11 U.S.C. § 523(a)(2)(C)(i)(I) of non-dischargeability of debt under 11 U.S.C. § 523(a)(2).

BACKGROUND AND PROCECURAL HISTORY

Defendant Dylan Shaw filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 28, 2017. *See* Case No. 17-11646-j7 – Docket No. 1. On September 28, 2017, KFCU filed its Complaint to Determine Dischargeability (the "Complaint"). *See* Docket No. 1. The Complaint asserts that a debt owed to KFCU arising from Defendant's purchase of a 2017 Jeep Cherokee is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), based on the presumption of non-dischargeability of certain consumer debts found in 11 U.S.C. § 523(a)(2)(C). *See* Complaint, ¶¶ 4, 5 and 22. Defendant filed an answer to the Complaint on October 4, 2017. *See* Answer to Complaint to Determine Dischargeability ("Answer") – Docket No. 3. Defendant's Answer includes the following:

> The Debtor admits to [the] allegation contained in paragraph #7, however, upon arriving at the dealership the Plaintiff's agent kept the car keys to the Debtor[']s Honda and drove it away. The agent of the Plaintiff's [sic.] filled in the numbers on the credit application. He told Debtor not to worry as part of his High-Pressure Tactics. The payment was misstated to be $420.00 and after signing the paperwork, the payment ended up being over $600.00 The Agent knew the Debtor[']s income as statements were provided.

Answer, ¶ 7.

KFCU filed the Motion on November 9, 2017. *See* Docket No. 6. As part of the Motion, KFCU asserts that Defendant "is asserting as a defense to KFCU's non-discharge complaint wrongdoing and misrepresentation by the Dealer about the material terms of the contract" but that Defendant failed to disclose any claims against the car dealer in his bankruptcy schedules. *See* Motion, ¶¶ 8 and 9. Defendant filed an objection to the Motion

-2-

on November 29, 2017. *See* Objection to Motion to Strike Answer by Defendant or in

Alternative Disallow Defenses by Defendant ("Objection") – Docket No. 10. In objecting

to the Motion, Defendant asserts that his schedules have since been amended. *See*

Objection to Motion to Strike Answer by Defendant or in Alternative Disallow Defenses

by Defendant – Docket No. 10.

DISCUSSION

KFCU did not cite a rule of civil or bankruptcy procedure in support of its Motion.

Nevertheless, the Bankruptcy Rules, and Rules as incorporated by reference, apply. *See* Fed. R.

Bankr. P. 1001 ("The Bankruptcy Rules . . . govern procedure in cases under title 11 . . . . [and]

shall be . . . employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every case and proceeding."). Rule 12(f), made applicable to adversary

proceedings by Bankruptcy Rule 7012(b), governs requests to strike an insufficient defense. *See*

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2004)

(stating that "[a] motion to strike under Federal Rule 12(f) . . . is the primary procedure for

objecting to an insufficient defense."). Under Rule 12(f), the Court "may strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). A party seeking to strike an affirmative defense must file a motion under Rule

12(f) "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). KFCU filed

its Motion more than 35 days after service of Defendant's Answer.[2] The Motion is untimely. The

Court will deny the Motion on that basis.

Notwithstanding untimeliness, some courts will consider a late-filed Rule 12(f) motion,

reasoning that the Rule itself allows the Court to act "on its own." Fed. R. Civ. P. 12(f)(1); 5C

---

[2] "Pleadings" include a defendant's answer to a complaint. *See* Fed. R. Civ. P. 7(a)(2).

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2004) ("The authority given the court by the rule to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper.") (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).  Whether to strike an affirmative defense falls within the Court's sound discretion. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009); *Anderson v. Van Pelt*, No. 09-cv-00704, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (same).  *See also, Sterling Consulting Corp. v. Credit Managers Ass'n of California*, 252 F.App'x 915, 917 (10th Cir. 2007) (reviewing the district court's denial of a motion to strike under Rule 12(f) based on untimeliness under an abuse of discretion standard).

A defense is insufficient for purposes of Rule 12(f) if it cannot be sustained as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.") (citation omitted); *Boardwalk Apartments, L.C. v. State Auto Property and Cas. Ins. Co.*, No. 11-2714, 2013 WL 4504351, at *1 (D. Kan. Aug. 23, 2013) ("Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances.") (internal quotation marks and citation omitted); *see also, Mazel v. Hopkins (In re Hopkins)*, No. 13-1101, 2014 WL 2337325, at *2 (Bankr. D.N.M. May 29, 2014) ("To grant a Rule 12(f) motion, 'The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.'") (quoting *Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011)). The Court will not grant a Rule 12(f) motion seeking to strike an insufficient defense "unless the insufficiency of the defense is clearly apparent and no factual issues exist

-4-

that should be determined in a hearing on the merits." *Hayne,* 263 F.R.D. at 649 (citation omitted).

KFCU relies on the presumption of non-dischargeability under 11 U.S.C. § 523(a)(2)(C)(I) to establish non-dischargeability under 11 U.S.C. § 523(a)(2)(A) based on false pretenses, a false representation, or actual fraud. The presumption of non-dischargeability under 11 U.S.C. § 523(a)(2)(C)(I) is rebuttable.[3] A defendant may rebut the presumption by offering sufficiently persuasive evidence that the debt was not incurred in contemplation of receiving a bankruptcy discharge or by offering other evidence that believably negates the debtor's presumed fraudulent intent.[4]

Defendant's Answer offers facts that if true could rebut the presumption. For example, Defendant asserts that the car dealer told him his monthly car payment would be $420 and filled out the income portion of the credit application after Defendant provided the dealer with a statement showing Defendant's actual income. These factual allegations suggest that Defendant believed the monthly car payment was an amount he could afford. Defendant also asserts that he gave the car dealer statements accurately reflecting his income and the car dealer completed the

---

[3] *See Chase Bank USA, N.A. v. Ritter (In re Ritter)*, 404 B.R. 811, 823 (Bankr. E.D. Pa. 2009) ("[I]f the presumption arises, the debtor may rebut it"); *General Motors Acceptance Corp. v. McDonald (In re McDonald)*, 129 B.R. 279, 283 (Bankr. M.D. Fla. 1991) (stating that "§ 523(a)(2)(C) merely creates a rebuttable presumption of fraud.").
[4] See Ritter, 404 B.R. at 823 ("Generally, evidence establishing that the debtor did not incur the debt in contemplation of bankruptcy will suffice to rebut the presumption.") (citations omitted); *GE Money Bank v. LaBovick (In re LaBovick)*, 355 B.R. 508, 515 (Bankr. W.D. Pa. 2006) (the "presumption can . . . be rebutted by the Debtor if he sufficiently demonstrates that such portion of such claim was not incurred in contemplation of his discharge in bankruptcy.") (citation omitted); *AT & T Universal Card Services v. Ellingsworth (In re Ellingsworth)*, 212 B.R. 326, 341 (Bankr. W.D. Mo. 1997) ("[D]ebtor must offer substantial and believable evidence contrary to presumed intent in order to demonstrate non-fraudulent intent") (citation omitted); *First Card Services, Inc. v. Kitzmiller (In re Kitzmiller)*, 206 B.R. 424, 428 (Bankr. N.D.W.V. 1997) (explaining that "the debtor may be able to show that there was no intention of deceiving the creditor" or "could adduce evidence that negates the presumption that the creditor relied on a representation of the debtor."); *FCC Nat'l Bank v. Orecchio (In re Orecchio)*, 109 B.R. 285, 289 (Bankr. S.D. Ohio 1989) ("[R]ebuttal evidence must raise a substantial doubt in the mind of the trier of fact as to the existence of the presumed [fraudulent] intent") (citation omitted).

income disclosures contained in the credit application.  Such evidence, if true, could negate

Defendant's presumed intent to defraud.

Even if the Motion had been timely, the Court, exercising its discretion, is not persuaded

that Defendant's affirmative defense should be stricken as insufficient. KFCU first asserts that

equitable estoppel prevents Defendant from denying that he defrauded KFCU.  The party

asserting equitable estoppel must establish the following:  "(1) the party to be estopped must

know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or

must so act that the party asserting the estoppel has the right to believe that it was so intended;

(3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting

the estoppel must rely on the other party's conduct to his injury." *Penny v. Giuffrida*, 897 F.2d

1543, 1545–46 (10th Cir. 1990) (citation omitted).  KFCU contends that it did not know at the

time it filed this adversary proceeding that Defendant had potential claims against the car dealer,

and that KFCU filed this adversary proceeding in reliance on Defendant's representation in his

bankruptcy case that he did not have such claims. Even if KFCU was unaware of any potential

claim of the Defendant against the car dealer, KFCU has not established that Defendant intended

that his failure to disclose a potential claim against the car dealer in his bankruptcy schedules

would cause KFCU to decide to file a non-dischargeability action. In addition, to the extent the

car dealer acted as KFCU's agent, as Defendant alleges, KFCU had knowledge of the true facts

underlying Defendant's factual allegations raised in defense of KFCU's Complaint.  KFCU has,

therefore, failed to establish all elements necessary to apply equitable estoppel.

Next, KFCU asks the Court to strike Debtor's answer to the Complaint under the doctrine

of judicial estoppel.  Just like equitable estoppel, judicial estoppel may be used to prevent a party

from taking inconsistent legal positions.[5]  Unlike equitable estoppel, judicial estoppel does not

require reliance by the party asserting it. *See Crown Transportation, Inc. v. Smith Systems*

*Transportation, Inc.*, 2008 WL 1766736, No. 06-CV-590, at *3 (N.D. Okla. Apr. 11, 2008)

("Unlike equitable estoppel, judicial estoppel does not require detrimental reliance by the party

asserting estoppel.") (citing *Riazuddin,* 363 B.R. at 185-86). Instead, judicial estoppel requires

reliance by a court.  *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005)

(judicial estoppel typically requires a showing "that a previous court has accepted the prior

inconsistent factual position"). When evaluating whether to apply judicial estoppel, the Court

considers the following factors:

> First, a party's subsequent position must be clearly inconsistent with its former
> position. Next, a court should inquire whether the suspect party succeeded in
> persuading a court to accept that party's former position, so that judicial acceptance
> of an inconsistent position in a later proceeding would create the perception that
> either the first or the second court was misled[.] Finally, the court should inquire
> whether the party seeking to assert an inconsistent position would gain an unfair
> advantage in the litigation if not estopped.

*Eastman v. Union Pacific Railroad Co.,* 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting *New
Hampshire*, 532 U.S. at 750 and 751) (internal quotation marks and citations omitted).

A trial court's application of judicial estoppel is within its sound discretion and will be reversed

on appeal only for an abuse of that discretion.  *Id.* at 1156.

KFCU argues that Defendant took a position in the bankruptcy case that he did not have

any claims against KFCU or the car dealer, but is now taking a contrary position in defending

this adversary proceeding.  KFCU has failed to establish all of the elements of judicial estoppel.

---

[5] *See In re Riazuddin*, 363 B.R. 177, 185 (10th Cir. BAP 2007) (explaining that judicial estoppel and equitable estoppel are similar in that "'[e]quitable estoppel allows one party to prevent another from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage.'") (quoting *Kowalczyk v. INS,* 245 F.3d 1143, 1149 (10th Cir. 2001) (additional internal quotation marks and citation omitted)); *see also, New Hampshire v. Maine,* 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (explaining that the purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.") (additional internal quotation marks and citations omitted).

Specifically, KFCU has not shown that Defendant has taken an inconsistent position that will give him an unfair advantage over KFCU in this adversary proceeding. Defendant's defense simply attempts to raise factual issues explaining his state of mind and the circumstances surrounding his purchase of a vehicle shortly before the filing of his bankruptcy petition. The Court is not convinced based on the record before it that Defendant has taken an inconsistent position that will allow him to gain an unfair advantage over KFCU if he is permitted to defend this adversary proceeding in this manner.

On the other hand, if Defendant were to file a complaint against the car dealer or KFCU in state court for breach of contract or for violation of the New Mexico Unfair Practices Act, judicial estoppel very well may prevent Defendant from asserting the claim because of his failure to schedule the potential claim in his bankruptcy schedules. *See Anderson v. Seven Falls Co.*, 696 F.App'x 341, 345 (10th Cir. 2017) (explaining for purposes of applying judicial estoppel that "failing to disclose a potential claim as an asset [in a bankruptcy case] is clearly inconsistent with then prosecuting an action in pursuit of that claim") (citing *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1090 (10th Cir. 2013) (remaining citations omitted)); *see also Eastman,* 493 F.3d at 1159 (explaining that the doctrine of judicial estoppel deters the debtor from concealing legal claims in order to reap financial awards later).[6] But Defendant has not asserted such a claim, and did not include a counter-claim as part of his Answer.

---

[6] Defendant's objection to the Motion states that Defendant has since amended his schedules to include a potential claim. *Anderson* and *Eastman* make clear that later amending a debtor's schedules to include an omitted claim does not prevent the application of judicial estoppel. *See Anderson,* 696 F.App'x at 346 (finding that "the bankruptcy court relied upon the [debtors'] original petition when entering the bankruptcy discharge, and the district court thus properly looked to the [debtors'] initial bankruptcy filings when determining whether judicial estoppel applied."); *Eastman*, 493 F.3d at 1160 (debtor's subsequent reopening of his bankruptcy case to schedule the previously omitted personal injury claim was "inconsequential" to the application of judicial estoppel; "[a]llowing [debtor] to 'back up' and benefit from the reopening of his bankruptcy only after his omission had been exposed would . . . . only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.") (citation and additional internal quotation marks omitted). In addition, whether a debtor can amend his or her schedules to include an omitted cause of action after a case has been discharged and closed is subject to an

-8-

Finally, KFCU asserts that Defendant does not own any pre-petition claims for misrepresentation against the car dealer and therefore cannot assert misrepresentation as a defense to KFCU's non-dischargeability Complaint. Even if Defendant cannot assert an affirmative claim of misrepresentation against the car dealer, it does not follow that Defendant cannot rely on the circumstances under which he completed the transaction at issue in this adversary proceeding to defend himself against KFCU's claim of fraud against him. KFCU's argument therefore fails.

Based on the foregoing, the Court will deny the Motion and enter a separate order consistent with this Memorandum Opinion.

_Robert H. Jacobvitz_

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 30, 2018

COPY TO:

Kevin D. Hammar
Ryan Kluthe
Attorneys for Kirtland Federal Credit Union
1212 Pennsylvania St. NE
Albuquerque, NM 87110

Gary Lakin
Attorney for Dylan Shaw
6727 Academy Road NE, Suite B
Albuquerque, NM 87109

---

excusable neglect standard under Bankruptcy Rule 9006(b) and *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See In re Dollman,* No. 13-13057-j7, 2017 WL 4404242, at *5 (Bankr. D.N.M. Sept. 29, 2017) (concluding that Bankruptcy Rules 1009(a) and 9006(b)(2) require debtors to obtain leave of court to amend schedules to disclose a previously omitted asset, even if the case is later reopened, and that the Court will apply the "excusable neglect" standard). Because the Court concludes that judicial estoppel does not bar Defendant from raising factual issues in an effort to rebut the presumption of non-dischargeability, the Court need not address the propriety of Defendant's amended schedules.